Filed 9/25/25  Riaz v. Dental Board of California CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAMREEN FARID RIAZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DENTAL BOARD OF CALIFORNIA,<br><br>    Defendant and Respondent. | F088523<br><br>(Super. Ct. No. VCU303441)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Samreen Farid Riaz, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Carl W. Sonne, Assistant Attorney General, Joshua A. Room, Andrew M. Steinheimer and Brent O. Jex, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

Samreen Farid Riaz filed this appeal after the superior court denied her petition under Civil Code of Procedure section 1094.5.[1]  Riaz had sought to challenge an order imposed by the California Dental Board[2] revoking her license to practice dentistry.

_____

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] We refer to the California Dental Board as the Board.

The superior denied Riaz's petition for two reasons. One, it found the petition untimely. Two, it found she failed to carry her burden to prove the Board's revocation order was erroneous.

The Board, represented by the Attorney General, urges us to affirm because it believes Riaz's petition was untimely and its revocation order was otherwise supported by evidence.

We do not find Riaz's petition untimely. As discussed below, Riaz timely filed the same petition at issue in *this* court, but that petition was "denied without prejudice." We also find, however, Riaz fails on the merits. Accordingly, we will affirm the order denying the petition.

## BACKGROUND

To make a long story short, Riaz was a licensed dentist until the Board revoked her license to practice after she refused to comply with an order to submit to a mental health examination. (See Bus. & Prof. Code, § 820; *Riaz v. State of California* (F087504, Dec. 2, 2024) [nonpub. opn.].) The Board issued a final decision revoking Riaz's license to practice dentistry on August 2, 2023.[3] The notice mailed to Riaz stated the decision was effective September 1. The notice informed Riaz she may seek "reconsideration" via Government Code section 11521.

Riaz indeed sought reconsideration, which was swiftly rebuffed. Then, on September 7, Riaz filed a petition for writ of mandate in this court (case No. F086809.) On October 26, the petition was "denied without prejudice," stating Riaz "failed to exhaust her judicial remedies" because she did not seek a writ in the superior court.

The instant petition was then filed in the superior court on November 13. The Board argued Riaz's petition was "time-barred by the statute of limitations set forth in Government Code section 11523[.]" It explained the Government Code statutes operated

---

[3] All subsequent references to dates are to dates in 2023.

2.

to impose a strict 60-day deadline from August 2, and Riaz's filing on November 13 was "103 days" later. The Board ignored the fact Riaz filed a petition in the appellate court on September 7—within the 60-day period.

The superior court ultimately ruled it lacked jurisdiction because Riaz's petition was untimely. The court recognized the relevant "statute of limitations [was] subject to equitable tolling." Nonetheless, it found Riaz "point[ed] to no law" permitting her to file the petition in the appellate court. It subsequently found "the petition filed untimely."

Alternatively, the superior court held the Board was authorized "to issue an order for a mental examination as part of its investigatory authority and that the failure to comply with [such an order] is grounds for suspension or revocation of [a] license." Because that is exactly was happened in this matter, the court "also denie[d] the petition on substantive grounds."

## DISCUSSION

The Board largely repeats its arguments on appeal: Riaz's petition was untimely, and the Board's revocation order supported by the evidence. Riaz continues to assail the Board, and claims her petition was timely because the limitations period was "paused and suspended and [tolled]" while a similar petition was pending in this court.

We agree with Riaz her petition was timely filed in the superior court. However, we also agree with the Board that its actions were supported by the evidence.

### I. Timeliness

Riaz argues she timely filed her petition in this case because the limitations period was "paused and suspended and [t]oll[ed]" from when she filed the petition in this court and when that petition was denied. The Board argues "the applicable statute of limitations is both straightforward and indisputable," and concludes Riaz missed the deadline. We agree with Riaz.

The flaw in the Board's argument is its conclusion a person must file "an administrative mandamus petition under Code of Civil Procedure section 1094.5 *with the*

3.

*superior court*." (Emphasis added.) "Article VI, section 10, of the state Constitution gives original jurisdiction to the Supreme Court, Courts of Appeal, superior courts, and their judges in 'proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition.' " (*Friends of Mammoth v. Board of Supervisors* (1972) 8 Cal.3d 247, 269 (*Mammoth*).)

California Rules of Court, rule 8.486(a)(1)[4] provides, however, that "[i]f the petition could have been filed first in a lower court, it must explain why the reviewing court should issue the writ as an original matter." The rule " 'expresses the policy of the Supreme Court and [C]ourts of [A]ppeal to refuse to exercise their original jurisdiction in the first instance, unless the circumstances are exceptional.' " (*Mammoth, supra,* 8 Cal.3d at p. 269 [discussing former rule 56(a)].)

Contrary to the Board's argument, the Code of Civil Procedure does not require a petition to be filed in the superior court. (See § 1085, subd. (a) ["writ of mandate may be issued by any court"].) Because Riaz timely filed a petition seeking judicial review in this court,[5] and this court has original jurisdiction to issue a writ of mandamus, she complied with the Government Code and Code of Civil Procedure. (See *Mammoth, supra,* 8 Cal.3d at p. 269 [petition timely filed where it was filed in Court of Appeal "within the statute of limitations" but denied "without prejudice" and "refil[ed] promptly in the superior court."]; cf. *Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 726-727 [discussing "equitable tolling" where party seeks "alternative remedy"].)

---

[4] All rule references are to the California Rules of Court.

[5] The Board does not address the effect of Riaz's appellate court petition.

4.

## II. Board's Actions Were Lawful

As noted, the superior court alternatively denied Riaz's petition on the basis the Board acted lawfully in revoking Riaz's license to practice dentistry. We agree.

"The Board is authorized to conduct investigations pursuant to [Business and Professions Code] section 820 in order to ensure practitioners are, among other things, of sound mental health." (*Fettgather v. Board of Psychology* (2017) 17 Cal.App.5th 1340, 1345 (*Fettgather*).) "The licentiate's failure to comply with an order issued under [Business and Professions Code] [s]ection 820 shall constitute grounds for the suspension or revocation of the licentiate's certificate or license." (Bus. & Prof. Code, § 821.)

An individual, like Riaz, is required to comply with a Business and Professions Code section 820 order or face discipline. (*Fettgather, supra,* 17 Cal.App.5th at p. 1349.) A person may not, as Riaz attempts, challenge the merits underlying such an order without submitting to the examination. Because Riaz did not comply with the Board's order,[6] the Board was statutorily authorized to revoke her dental license—her noncompliance is itself substantial evidence for the Board's action. (*Id.* at p. 1346; see *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 824 ["the standard of review on appeal of the trial court's determination [on a petition for writ of mandate] is the substantial evidence test."].)

---

[6] Riaz has never contended she complied with the Board's order to submit to a mental health examination. Instead, she has consistently assailed and litigated that order.

5.

## **DISPOSITION**

The August 20, 2024 order denying the petition is affirmed.  Appellate costs are awarded to respondent.  Riaz's February 3, 2025 request to file a supplemental brief is denied.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

FAIN, J.*

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.